UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| CARMINE ZERELLA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2: 23-159-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| HATHAWAY COURT, et al., | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Plaintiff Carmine Zerella is a resident of Ludlow, Kentucky. Proceeding without an attorney, Zerella has filed a civil rights Complaint and a motion for leave to proceed *in forma pauperis*. [Record Nos. 1 and 2] The financial information provided suggests that Zerella lacks sufficient assets or income to pay the filing and administrative fees in this case. Therefore, Zerella will be allowed to proceed as a pauper. However, after an initial screening of Zerella's Complaint pursuant to 28 U.S.C. § 1915(e)(2), the matter will be dismissed without prejudice.

Zerella names multiple defendants in her pleading, including several individuals and an apartment building. She complains about a series of events that allegedly occurred in 2018. [Record No. 1] Among other things, Zerella alleges that an individual "kicked [her] dog" and that she had a series of negative interactions with other individuals related to that incident. [*Id.* at 2] Zerella also contends that "the maintenance man searched [her] room while [she] was gone without [her] permission" and states that the "kitchen sink backed up numerous times," leading to water damage in her apartment. [*Id.* at 2-3] Based on these and other allegations, Zerella claims that the defendants violated her right to "freedom of speech and due process,"

and she asks this Court "to issue a 'show cause.'" [*Id.* at 4] Zerella also indicates that she is seeking "damages and compensation." [*Id.* at 8]

As presently drafted, Zerella's Complaint fails to state a claim upon which relief may be granted against the named defendants. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The United States Court of Appeals for the Sixth Circuit has clearly indicated that a 42 U.S.C. § 1983 civil rights claim "must satisfy two elements: 1) the deprivation of a right secured by the Constitution or laws of the United States and 2) the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003). Zerella's pleading does not meet either element.

While Zerella references her freedom of speech and due process rights, the Court simply does not observe a plausible claim under either the First or Fourteenth Amendments. *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (explaining that, to survive initial screening, a complaint must contain enough facts, accepted as true, to state a claim to relief that is plausible on its face). Moreover, Zerella does not clearly allege that any of the named defendants were state actors or otherwise acting under the color of state law, as required to proceed under § 1983.

Based on the foregoing pleading deficiencies, the Court will dismiss Zerella's Complaint. This dismissal, however, will be without prejudice to filing a new Complaint, and thus initiate a new civil action, to more clearly articulate factual allegations and asserts viable legal claims. Forms needed to initiate a new civil action are available upon request from the District Court Clerk's Office. Accordingly, it is hereby

**ORDERED** as follows:

1. Plaintiff Zerella's motion for leave to proceed *in forma pauperis* [Record No. 2] is **GRANTED**. Payment of the filing and administrative fees is **WAIVED** for this action.

2. Plaintiff Zerella's current Complaint [Record No. 1] is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

3. This action is **DISMISSED** and **STRICKEN** from the docket.

Dated: November 17, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky